MEMORANDUM
LETTS, J.
Having under consideration the petition and motion of Nellie Trowbridge Harlow, filed herein, to withdraw and cancel special bond, I have reviewed the cases on the subject of *190 special bonds and find that the best legal literature, dealing with the nature of such bonds, is found in Lafferty vs. People’s Savings Bank, 76 Mich. 35. The opinion in that case reflects the varied trend of legal thought in all of the jurisdictions where special bonds have been permitted by statute. It is an exhaustive review of the authorities and announces what I conceive to be the best reasoned conclusions upon the subject of special bonds.
I conceive the principal questions presented by the request of the executrix to be: (a) did the title to the estate pass to her upon the filing of her special bond?; (b) did vested rights accrue to creditors of the testator upon the filing of her special bond?; (c) did the filing of the special bond have the effect of closing the administration of the estate?; (d) if the administration of the estate is not so closed, does this court have power to grant the relief sought?
The statute which permits the filing of the special bond is in the following language:
“EXECUTOR RESIDUARY LEGATEE. — If the executor is the residuary legatee of the personal estate of the testator, or provided the residuary legatee of full age shall notify his consent to the court, he may, instead of the bond prescribed as aforesaid, give bond with security approved by the court, and in a penalty prescribed by the court, conditioned to pay all the debts and just claims against the testator, and all damages which shall be recovered against him as executor, and all legacies bequeathed by the will, in which case he shall not be required to file any inventory or render any account. And if such bond be given by the executor, he shall be answerable for the full amount of all debts, claims, and damages that may be recovered against him as executor as if he were sued in his own right, and any legatee may recover the full amount of his legacy in a suit on the executor’s bond or in equity, and the giving of the bond shall be considered an assent to the legacy: PROVIDED, That the surety or sureties in said bond shall not be liable for a greater amount than the penalty thereof.”
I have reached certain conclusions which may be stated as bearing upon the various inquiries above stated; the statute *191 does not have the effect of closing the administration; creditors and legatees are not deprived of rights which arise under the general law with respect to administration of estates; creditors and legatees are possessed of the same lien upon the assets of the estate after the filing of the special bond as existed in their right before the filing thereof; the court, after the filing of the special bond, has the same jurisdiction over and the same power with respect to the administration of the estate as it had before the filing of the bond; the special bond does not supplant the general lien of creditors and legatees upon the assets of the estate but is cumulative thereto; creditors and legatees cannot be required to look exclusively to the special bond for payment, for the conclusive reason that the filing of the special bond was ex parte, and since it is evident that creditors and legatees could not be deprived of their lien on the assets of the estate without notice and hearing and opportunity to object to the procedure and to object to the sureties offered to the bond. If this be not true, it is quite conceivable that both executor and sureties on his special bond might become insolvent, thereby defeating the rights of creditors and legatees. It is conceivable, too, that the executor might abscond with the assets of the estate or fraudulently dispose thereof leaving to creditors and legatees the sole recourse of proceeding against the sureties who may have become insolvent. The court has the power to remove an executor who files a special bond under the same circumstances, as would justify his removal had he filed a general bond; accordingly it is believed that the title to the assets of the. estate does not pass to the residuary legatee upon the filing of a special executor’s bond, and that the estate remains open and subject to the jurisdiction and powers of the court; the court thinks that the statute confers a right or privilege upon the residuary legatee, under circumstances such as here, to be relieved of the duty of filing an inventory and rendering an account upon the filing of a special bond. Until a residuary legatee has disposed of the assets of the estate or otherwise *192 acted to destroy the lien of creditors and legatees thereon, and in a situation as here, with the estate intact and with the rights of creditors and legatees unimpaired, and where the residuary legatee has acquired no advantage' and where creditors and legatees have suffered no loss or been put to disadvantage, no consideration has passed to the residuary legatee. The filing of the special bond was a voluntary act on the part of this executrix. The privilege afforded by the statute has not been exercised, and since the court still has the duty and the power to administer the estate and to control the executrix it would seem a proper exercise of the court’s discretion to permit the withdrawal of the special bond and permit the filing of a general bond attended by the duties on the part of this executrix to file an inventory, render an account and otherwise administer the estate according to law.
Here, the executrix, Nellie Trowbridge Harlow, has intact the assets of the estate, except as indicated in her petition. She has given away certain clothing and personal belongings of the deceased which she represents to be of no value. The creditors of the estate still have a lien upon the assets of the estate and have suffered no loss by the filing of the special bond and she has acquired no additional rights nor any benefit by reason thereof. She shows the court that she is a woman totally inexperienced in legal and business matters and that she did not realize the nature of the special bond; that she assumed that the giving of such a bond was necessary in the practice in the District of Columbia and that she did not know that it established liability beyond the value of the assets of the estate. Such circumstances seem to warrant the exercise of the court’s discretion for the relief of this executrix. Accordingly, the motion to withdraw and cancel special bond is granted.
It is so ordered.